IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH HALL,             ) | 1:10cv0160 DLB |
| ) | |
| )   Plaintiff,             ) | ORDER GRANTING STIPULATION FOR AWARD OF FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (Document 16) |
| vs.             ) | |
| )             ) | |
| MICHAEL J. ASTRUE, Commissioner of )  Social Security,             ) | |
| )             ) | |
| Defendant.             ) | |

On December 20, 2010, the parties submitted a stipulation for the award and payment of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d). Accordingly, it is ORDERED that Plaintiff be awarded attorney fees under the EAJA in the amount of FOUR THOUSAND dollars ($4,000.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney. Pursuant to Astrue v. Ratliff, – S.Ct. – , 2010 WL 2346547 (U.S. June 14, 2010), the ability to honor

the assignment will depend on whether the fees, expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Shanny J. Lee, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

The stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

IT IS SO ORDERED.

Dated:   **December 22, 2010**                                **/s/ Dennis L. Beck**
                                                                               UNITED STATES MAGISTRATE JUDGE